United States District Court
Southern District of Texas
**ENTERED**
July 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH CORNETT, <br> BOP #22499-078, <br><br> Petitioner, <br><br> v. <br><br> MARNE BOYLE, Warden, <br> Federal Prison Camp, <br> Bryan, Texas. <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-16-1751 |

**MEMORANDUM OPINION AND ORDER**

Deborah Cornett (BOP #22499-078) is a federal prisoner incarcerated in the United States Bureau of Prisons ("BOP") at the Federal Prison Camp in Bryan, Texas. Cornett has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging the administration of her sentence. After reviewing all of the pleadings and the applicable law, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

On February 17, 2015, Cornett was convicted in the United States District Court for the Eastern District of Texas and sentenced to 41 months' imprisonment. See United States v.

Cornett, No. 6:14-cr-30-01 (E.D. Tex.). With credit for good conduct, Cornett's projected release date is April 8, 2018.[1]

Cornett does not challenge the validity of her underlying conviction. Instead, she has filed a boilerplate pleading which asserts that she is entitled to placement in a Residential Reentry Center ("RRC") for the final 12 months of her sentence pursuant to the Second Chance Act of 2007, Pub. L. No. 110-199 (April 9, 2008).[2] The court concludes, however, that the Petition must be dismissed for reasons below.

## II. Discussion

A. Exhaustion of Remedies is Required

It is evident that Cornett did not attempt to present her claim for relief in the BOP's three-tiered administrative remedy program before filing this suit.[3] See 28 C.F.R. §§ 542.10 - 542.19 (2016). The Fifth Circuit has determined that a federal prisoner seeking relief under 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted). Exceptions to the exhaustion requirement are appropriate only where

---

[1] Petition, Docket Entry No. 1, p. 1.

[2] Id. at 2, 17-18.

[3] Id. at 9-17.

"'the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (quotation omitted). The petitioner bears the burden of showing the futility of exhaustion. Id. Cornett does not meet that burden.

Cornett contends that exhaustion would be futile because former BOP Director Harley Lappin "has taken a strong position on the issue [of allowing prisoners more than six months in an RRC] and has thus far been unwilling to reconsider."[4] However, the comments attributed to former Director Lappin were made in 2008, and are remote in time.[5] The boilerplate Petition contains no information showing what position, if any, current BOP administration has taken on the subject of RRC placement. Although Cornett cites several cases in support of her argument, none of them involve the Second Chance Act.[6] Considering that she is not projected for release until April 8, 2018, there is more than ample time for Cornett to exhaust the administrative remedy process before she becomes eligible for placement in an RRC. Under these circumstances, Cornett has not established that it would be futile for her to try.

---

[4]Petition, Docket Entry No. 1, pp. 11.

[5]Id. at 14.

[6]Id. at 11.

B.  The Petition Lacks Merit

Even if Cornett had exhausted her administrative remedies before bringing this lawsuit, the petition must be dismissed because it fails to state a valid claim for habeas corpus relief. The Second Chance Act amended 18 U.S.C. § 3624(c) to increase the possible term of placement in an RRC from six months to a period of no more than 12 months before a prisoner's projected release date. The amendment also requires the BOP to assess prisoners for placement on an individual basis consistent with five factors set forth in 18 U.S.C. § 3621(b). Those factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence—
>
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>   (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission....

18 U.S.C. § 3621(b); see also 28 C.F.R. 57.22 (dictating that inmates will be considered for "pre-release community confinement" in a manner consistent with 18 U.S.C. § 3621(b)).

A prisoner's placement in any particular facility is a matter solely within the BOP's discretionary authority. See Moore v. U.S. Atty. Gen., 473 F.2d 1375, 1376 (5th Cir. 1973); see also Stewart v. Daniels, Civil No. 1:13-184, 2014 WL 4949884, *1 (E.D. Tex. Sept. 30, 2014) ("The duration of RRC placement is a matter to which the [Bureau of Prisons] retains discretionary authority.") (citation omitted). It is also well established that prisoners have no constitutional right to be assigned to a particular institution, facility, or rehabilitative program. See, e.g., Olim v. Wakinekona, 103 S. Ct. 1741, 1745 (1983); Meachum v. Fano, 96 S. Ct. 2532, 2538-40 (1976); Moody v. Daggett, 97 S. Ct. 274, 429 U.S. 78, 88 n.9 (1976). Nothing in the Second Chance Act or § 3621(b) automatically entitles a prisoner to placement in an RRC. See Creager v. Chapman, No. 4:09-713, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) (citing various cases). Cornett does not otherwise allege that the BOP has failed or refused to evaluate her for placement in an RRC or that the BOP performed an improper assessment in her case. As a result, the Petition raises no cognizable claim for review.[7]

---

[7] Other courts in this district have consistently rejected an identical boilerplate Petition for lack of merit. See Barrientos v. Boyle, Civil No. H-16-1117 (S.D. Tex. April 27, 2016); Love v. Boyle, Civil No. H-16-1118 (S.D. Tex. April 27, 2016); Jackson v. Boyle, Civil No. H-16-1119 (S.D. Tex. April 26, 2016); Garza v. Boyle, Civil No. H-16-1120 (S.D. Tex. April 26, 2016); see also Brooks v. Chandler, No. 4:14-875, 2014 WL 5786954 (N.D. Tex. Nov. 5, 2014) (rejecting a boilerplate petition seeking relief under the
(continued...)

### III. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for Writ of Habeas Corpus filed by Deborah Cornett (Docket Entry No. 1) is **DISMISSED with prejudice.**

2. The Order directing the government to answer (Docket Entry No. 3) is **VACATED.**

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 1st day of July, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[7](...continued)
Second Chance Act).